# Exhibit 1

# *NOTICE OF SELECTION:*
# *SPECIALIZED BUSINESS DOCKET*

- This case has been selected into the Specialized Business Docket, which is governed by Local Administrative Order 2017-02.

- You **MUST** immediately file an appearance in this case at www.accesskent.com/SBDFiling/.

- You **MUST** serve this notice along with the Summons and Complaint to all other named parties in this case.

- Beginning with your appearance and for **ALL** subsequent pleadings, you **MUST** use the e-filing portal for the Specialized Business Docket located at www.accesskent.com/SBDFiling/. For assistance with the e-filing system, call the Accesskent Help Desk at (616) 632-6521.

- **NO** pleadings will be accepted in paper form and **NO** Judge's Copies are required.

- **ALL** notices and copies of pleadings filed in this case will be received via the e-mail address you provide in your appearance.

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>17th **JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS AND COMPLAINT**<br>CHRISTOPHER P. YATES<br>(P-41017) | **CASE NO.**<br>17- 08941- CBB |
|---|---|---|

Court address
180 Ottawa Ave., NW, Suite 3200B, Grand Rapids, MI 49503

Court telephone no.
(616) 632-5137

| Plaintiff's name(s), address(es), and telephone no(s).<br>K & M Northfield Dodge, Inc.<br>c/o Kevin B. Even, Smith Haughey Rice & Roegge<br>900 Third St., Suite 204<br>Muskegon, MI 49440<br>231-724-4320 | v | Defendant's name(s), address(es), and telephone no(s).<br>Advance Global Solutions, Inc.<br>c/o Resident Agent: Joseph H. Chopp, Jr.<br>1316 Vincent Pl., Suite 300<br>McClean, VA 22101 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Kevin B. Even (P38599) Smith Haughey Rice & Roegge<br>900 Third St., Suite 204<br>Muskegon, MI 49503<br>231-724-4320 | | |

**SUMMONS**  **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued SEP 2 9 2017 | This summons expires DEC 2017 | Court clerk LISA POSTHUMUS LYONS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Grand Rapids, Michigan | Defendant(s) residence (include city, township, or village)<br>Arlington, Virginia |
|---|---|
| Place where action arose or business conducted<br>Kent County, Michigan | |

9/29/2017
Date

Patricia L. Sheltrown (P69303) for
KEVIN B. EVEN
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (5/15)  **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| **PROOF OF SERVICE** | **SUMMONS AND COMPLAINT** |
|---|---|
| | Case No.  17-         -C |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
    List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee | Signature _____ |
|---|---|---|---|---|
| $ | | $ | $ | Name (type or print) _____ |

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                              Date

My commission expires: _____ Signature: _____
                              Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                                        Day, date, time

_____ on behalf of _____ .

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

K & M NORTHFIELD DODGE, INC.,
a Michigan corporation

        Plaintiff,

v

ADVANCE GLOBAL SOLUTIONS, INC.,
a Virginia corporation

        Defendant.

CASE NO. 17 - *08941 - CBB*

HON: CHRISTOPHER P. YATES
(P-41017)

---

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

Rec'd & Filed

SEP 29 2017

KENT COUNTY
CIRCUIT COURT

---

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## **COMPLAINT**

        There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.

        NOW COMES the Plaintiff, K & M Northfield Dodge, Inc., by and through its attorneys Smith Haughey Rice & Roegge, and for its Complaint against the Defendant, Advance Global Solutions, Inc., states as follows:

### **GENERAL ALLEGATIONS**

        1.     Plaintiff, K & M Northfield Dodge, Inc., ("K & M") is a Michigan corporation and has a registered office located at 4100 Plainfield NE, Grand Rapids, Michigan 49525.

        2.     Defendant, Advance Global Solutions, Inc., ("AGS") is a Virginia corporation and has a principal office at 900 N. Randolph St., Suite 100, Arlington, Virginia 22203.

3.     The amount in controversy is in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of costs, interest and attorneys fees and therefore within the jurisdictional limit of this Court.

4.     At all relevant times AGS purchased motor vehicles from K & M in the State of Michigan to make a profit.

5.     Venue is proper in Kent County pursuant to MCL §600.1621 as it is a County in which AGS does not reside, have a place of business, or conducts business, or in which its registered office is located but in which K & M has a place of business.

6.     Jurisdiction is proper in the Kent County Circuit Court pursuant to MCL §600.601 and MCL §600.605.

7.     Jurisdiction is proper in the Kent County Circuit Court pursuant to MCL§ 600.715, because AGS has transacted business within the State of Michigan by purchasing goods for the purpose of making a profit.

## COUNT I – ACTION ON CONTRACT

8.     K & M hereby reasserts and incorporates by reference each and every allegation set forth above, as fully set forth herein.

9.     On November 9, 2015, AGS entered into a contract (the "Contract") with K & M whereby K & M promised to supply motor vehicles shipped from Michigan to AGS for daily rental use during the 2016 model year that included a buy back program.

10.     A true and genuine copy of the Contract is attached hereto as **Exhibit A** and the terms of which are hereby incorporated herein by reference.

11.     Pursuant to the Contract K & M sold a certain number of motor vehicles to AGS which were then scheduled for buy back by K & M at the end of the term.

12.     The motor vehicles purchased by AGS were assembled and shipped from Jefferson, Michigan.

13.    At the end of the term, and pursuant to the Contract, three motor vehicles, with that last eight digits of the vehicle identification numbers on these vehicles being FC884626, FC884630 and FC884631 respectively, were returned by AGS to Manheim Auction House, ("Manheim") a Chrysler-approved auction house with notice to K &M in order for K & M to execute on the buy back.

14.    Following the return of the three motor vehicles to Manheim for auction, and as part of the Contract, K & M bought back said vehicles by paying off existing liens, less guaranteed depreciation amount, mileage fees and damage fees, on two of the motor vehicles and by paying cash to AGS for the third motor vehicle less guaranteed depreciation amount, mileage fees and damage fees.

15.    Manheim then sold the three motor vehicles at auction for the benefit of K & M.

16.    The three vehicles were sold for Seventy Thousand Three Hundred Dollars ($70,300.00), hereinafter the "Auction Proceeds".

17.    The Auction Proceeds however were not delivered to K & M as agreed but the Auction Proceeds were paid directly to AGS because AGS wrongfully and tortuously designated itself as the payee of the Auction Proceeds rather than K & M.

18.    K & M has demanded payment from AGS, on multiple occasions, that it pay over the Auction Proceeds, however, AGS has refused.

19.    AGS' actions in wrongfully and tortuously designating itself as the payee of the Auction Proceeds constituted a breach of the Contract.

20.    AGS' actions in wrongfully and tortuously designating itself as the payee of the Auction Proceeds caused K & M damages in an amount of at least Seventy Thousand Three Hundred Dollars ($70,300.00), together with costs and attorneys fees.

21.    K & M paid off a lien in the amount of Twenty-Three Thousand Three Hundred Ninety-Four and Fifty Hundredths Dollars ($23,394.50) on a fourth vehicle sold to AGS having a vehicle identification number with the last eight digits of EH223378, however that vehicle was over the 450-day period during which such a buy back could take place.

22.     AGS has failed to make payment to K & M in the amount of Twenty-Three Thousand Three Hundred Ninety-Four and Fifty Hundredths Dollars ($23,394.50) for the payoff by K & M of AGS' loan on the fourth vehicle.

23.     In reconciling the amounts paid by the parties to the Contract K & M owes AGS for transportation in the amount of One Thousand Eight Hundred Two and Fifty Hundredths Dollars ($1,802.50), a non-return allowance on two vehicles in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00) and retention bonus money totaling Four Thousand Two Hundred Seventeen Dollars ($4,217.00).

24.     Netting out the difference between the amount paid by K & M to AGS' lender on the fourth vehicle that was beyond the 450-day period during which such a buy back could take place with the sums identified in the preceding paragraph that are owed by K & M to AGS leaves an amount due to K & M, notwithstanding the Auction Proceeds, to be Four Thousand Eight Hundred Seventy-Five Dollars ($4,875.00).

25.     The grand total due to K & M under the Contract from AGS is Seventy-Five Thousand One Hundred Seventy-Five Dollars ($75,175.00).

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant for breach of contract in the amount of Seventy-Five Thousand One Hundred Seventy-Five Dollars ($75,175.00) plus interest allowed by law, costs and attorneys fees.

## COUNT II – CONVERSION

26.     K & M hereby reasserts and incorporates by reference each and every allegation set forth above, as fully set forth herein.

27.     At all times relevant, K & M had the right to the proceeds of the auction sale.

28.     At no time did K & M authorize AGS to designate itself as the payee of the Auction Proceeds.

-4-

29.    Unbeknownst to K & M, AGS' wrongfully and tortuously designated itself as the payee of the Auction Proceeds for the purpose of converting for its own benefit the Seventy Thousand Three Hundred Dollars ($70,300.00), that belonged to K & M.

30.    AGS' actions in wrongfully and tortuously designating itself as the payee of the Auction Proceeds was designed to and did deceive Manheim into believing that AGS was the proper payee of the Auction Proceeds rather than the rightful owner K & M.

31.    K & M has repeatedly, both orally and in writing, demanded that AGS' make payment to K & M for the Auction Proceeds that were wrongfully converted.

32.    The acts described above constitute an unlawful conversion of K & M's property, resulting in damages to K & M in the amount of at least Seventy Thousand Three Hundred Dollars ($70,300.00), together with costs and attorneys fees.

33.    The acts described above constitute an unlawful conversion of K & M's property, within the meaning of MCL §600.2919a and entitling K & M to recover three times the amount of actual damages sustained, plus costs and reasonable attorneys fees.

WHEREFORE Plaintiff request that this Court enter judgment against Defendant for conversions the amount of Two Hundred Twenty-Five Thousand Five Hundred Twenty-Five Dollars ($225,525.00) plus interest allowed by law, costs and attorneys fees.

DATED:  September 29, 2017

Kevin B. Even (P38599)
Smith Haughey Rice & Roegge
Attorneys for Plaintiff
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320
231-724-4330 (fax)
keven@shrr.com

# 2016  MODEL YEAR
## SALE/ BUYBACK AGREEMENT

AGREEMENT BETWEEN
K&M DODGE/RAM, INC.
4100 PLAINFIELD AVE. N.E.
GRAND RAPIDS, MI 49525

AND

| | |
|---|---|
| COMPANY NAME: | Advance Global Solutions Inc |
| ADDRESS: | 850 N Randolph St. Ste 104 Arlington, VA 22203 |
| PHONE: | (703) 528-8661 |

TERMS AND CONDITIONS AS FOLLOWS:

1) K&M DODGE/RAM INC. WILL SUPPLY ALL FIAT CHRYSLER USA LLC PRODUCT FOR DAILY RENTAL USE DURING THE 2016 MODEL YEAR.

2) IN-SERVICE REQUIREMENTS WILL BE A MINIMUM 180 DAYS, WITH A MAXIMUM USAGE OF 450 DAYS FROM THE IN-SERVICE DATE.

3) MILEAGE LIMITATION:
   a) BETWEEN 0 AND 30,000 MILES, NO CHARGE WILL BE ASSESSED.
   b) A MILEAGE PENALTY OF THIRTY CENTS (.30) PER MILE WILL BE ASSESSED FOR EVERY MILE IN EXCESS OF 30,000 MILES PER UNIT.
   c) FINAL MILEAGE WILL BE THE ARRIVAL MILEAGE AT THE AUCTION.

4) LICENSE, TRANSER AND TITLE FEES ARE THE RESPONSIBILITY OF THE RENTAL COMPANY.

5) DROP SHIP DELIVERIES WILL BE NEGOTIATED BETWEEN THE DROP SHIP DEALER AND THE DAILY RENTAL COMPANY. THIS ARRANGEMENT WILL BE MADE ON AN AMENDMENT PAGE TO THIS CONTRACT. THE CERTIFICATE OF ORIGIN AND PAPERWORK WILL BE DELIVERED AFTER THE DEALER OR DROP SHIP LOCATION FAXES THE CONTRACT CARRIER'S DELIVERY RECEIPT TO K&M, DELIVERY RECEIPTS THAT ARE NOT FAXED TO K&M NORTHFIELD DODGE WILL HAVE THE FIAT CHRYSLER USA LLC FLOOR PLAN DATE AS THE DROP SHIP DATE. THE DROP SHIP DATE PLUS FIVE (5) DAYS WILL BE THE IN-SERVICE DATE.

6) THE COMPLETE PAYMENT MUST TAKE PLACE WITHIN 7 DAYS FROM THE DROP SHIP OR DELIVERY DATE TO THE CUSTOMER. ANY UNITS EXCEEDING THIS TIME FRAME WILL INCUR A PENALTY CHARGE AT A RATE OF $6.00 PER DAY PER UNIT UNTIL PAYMENT IS RECEIVED BY K&M DODGE/SPRINTER, INC.

7) IF AFTER PLACING ORDERS WITH K&M, THE CUSTOMER FINDS THEY NO LONGER NEED THE VEHICLES, K&M WILL ATTEMPT TO CANCEL THE ORDERS WITH THE FACTORY. IF THE ORDER CAN'T BE CANCELLED, K&M WILL MAKE EVERY ATTEMPT TO RESELL THE VEHICLES. ONCE K&M HAS EXHAUSTED THESE EFFORTS AND DETERMINED THAT THE VEHICLES COULDN'T BE CANCELLED OR RESOLD, THE CUSTOMER WILL BE RESPONSIBLE TO TAKE DELIVERY AND MAKE PAYMENT FOR THE VEHICLES. THE ABOVE WILL ALSO APPLY TO VEHICLES DELIVERED LATE FROM THE FACTORY.



EXHIBIT

A

8) THE SALE PRICE (RD-108 FIGURE LINE 1), WILL BE FACTORY INVOICE, LESS HOLD BACK MONEY, LESS ADVERTISING, LESS FIAT CHRYSLER MARKETING ADJUSTMENT, PLUS A STRAIGHT $200.00 MARK UP. (CHRYSLER AND JEEP PRODUCTS WILL HAVE A STRAIGHT $300.00 MARK UP)

9) BUYBACK IS COMPUTED AS FOLLOWS:
   a) THE IN-SERVICE DATE (THE DATE DEPRECIATION STARTS), WILL BE THE DELIVERY DATE TO YOUR FACILITY ON MICHIGAN RD-108. DROP SHIP UNITS WILL START 5 DAYS AFTER THE UNIT ARRIVES AT YOUR LOCATION OR DELIVERING DEALER VIA CONTRACT CARRIER FROM FIAT CHRYSLER
   b) THE REPURCHASE AMOUNT WILL BE THE SALE PRICE ON MI RD-108 FIGURE LINE 1, MINUS $200.00, ($300.00 IF CHRYSLER OR JEEP PRODUCT) MINUS THE DEPRECIATION AMOUNT, ANY MILEAGE CHARGES ON UNITS – LESS ANY DAMAGES
   c) THE USED VEHICLE RETURN PROCESS PROGRAM AND PROCEDURES WILL BE AS FOLLOWS:

   1) THE OUT-OF-SERVICE DATE WILL BE DEFINED AS THE DATE THE RETURN CENTER OFFICIALLY RECEIVES THE VEHICLE INTO THEIR INVENTORY. ALL VEHICLES RECEIVED AT A RETURN CENTER MUST HAVE A CONDITION REPORT SIGNED BY AN ACCOUNT REPRESENTATIVE WITHIN 3 BUSINESS DAYS OF RECEIPT. IF A VEHICLE IS NOT SIGNED OFF WITHIN 3 BUSINESS DAYS FROM RECEIPT AT THE RETURN CENTER, THE SIGN OFF DATE BECOMES THE OFFICIAL OUT-OF-SERVICE DATE AND THE TRANSPORTATION ALLOWANCE WILL BE FORFEITED. VEHICLES THAT ARE NOT SIGNED OFF WILL BE PLACED INTO A WITHDRAWN STATUS AND STORAGE CHARGES MAY BE ASSESSED.

   2) TITLES MUST BE RECEIVED AT THE TITLE CENTER WITHIN 5 CALENDAR DAYS OF THE VEHICLE SIGN OFF DATE. IF RECEIVED BEYOND 5 DAYS, THE REVISED OUT-OF-SERVICE DATE WILL BE THE TITLE ARRIVAL DATE AT THE RETURN CENTER. TITLES ARE TO BE SENT TO THE DCMC/I.T.S. TITLE CENTER LOCATED IN:
   INTERMODAL TRANSPORTATION SERVICES, INC.
   9805C NORTHCROSS
   CENTER COURT
   HUNTERSVILLE, N.C. 28078
   PHONE: 704-997-1082
   d) K&M DODGE/RAM WILL PAY THE RENTAL CAR COMPANY FOR THE UNITS ONCE K&M HAS RECEIVED A CONDITION REPORT, WITH AN ACCEPTABLE STATUS FOR EACH UNIT THAT HAS BEEN RETURNED TO AN APPROVED MARSHALLING CENTER AND/OR AUCTION. CHECKS WILL BE MADE OUT TO THE RENTAL CAR COMPANY AND ITS LIEN HOLDER FOR A PROPERLY EXECUTED TITLE FOR THE UNIT AT THE AUCTION.


NOTE: ONLY 15% OF A PARTICIPANT'S VEHICLES CAN BE RETURNED IN THE 4TH QUARTER OF THE CALENDAR YEAR. IF GREATER THAN 15%, THEN EACH VEHICLE OVER THE VOLUME LIMIT WILL INCUR A PENALTY OF $40 PER MONTH FOR EVERY MONTH THE VEHICLE HAS BEEN IN-SERVICE, PER THE FOLLOWING EXAMPLE:
   Vehicles ordered = 1,000 units
   15% of total vehicles ordered = 150

   Vehicles returned in 4th quarter = 200
   Vehicles over the 15% limit = 50
   Vehicles in-Service time = 6 months

   $40 x 6-months x 50 vehicles = $12,000
10) NON-RETURN ALLOWANCE PROGRAM
   a) UNLESS DISCONTINUED BY FIAT CHRYSLER, PARTICIPANTS WILL BE PAID A NON-RETURN ALLOWANCE* FOR VEHICLES NOT RETURNED TO THE CHRYSLER AUCTION. FOR EXAMPLE:

PARTICIPANTS WILL BE PAID A NON-RETURN ALLOWANCE* FOR VEHICLES NOT RETURNED TO THE CHRYSLER AUCTION. FOR EXAMPLE:

| MODEL YEAR | TYPE | ALLOWANCE ** |
|---|---|---|
| 2014 | CHRYSLER 300 | $3,000.00 |
| 2014 | JOURNEY | $3,000.00 |
| 2014 | TOWN & COUNTRY | $2,000.00 |

** NOTE: These amounts are subject to change monthly.  Please contact the K&M Fleet Department for details and current rebate amounts.

b)* "COMMERCIALLY UNACCEPTABLE" VEHICLES, AS DEFINED IN THE CHRYSLER MOTORS GUARANTEED DEPRECIATION PROGRAM USED VEHICLE RETURN PROCESS MANUAL ARE NOT ELIGIBLE FOR NON-RETURN ALLOWANCES. (SEE #12 BELOW)

## PROGRAM RATES

INVOICED BY MAR. 31, 2016

| MODEL | MONTHLY RATE $ | DAILY RATE  $ |
|---|---|---|
| COMPASS | 415 | 13.64 |
| PATRIOT | 415 | 13.64 |
| RENEGADE | 415 | 13.64 |
| CHRYSLER 300 (EXCLUDES 300C | 440 | 14.46 |
| CHALLENGER (EXCLUDES SRT) | 470 | 15.45 |
| JOURNEY | 395 | 12.98 |
| GRAND CHEROKEE (EXCLUDES SRT) | 475 | 15.61 |
| DURANGO (EXCLUDES SPECIAL SERVICE) | 475 | 15.61 |
| RAM 1500 | 470 | 15.45 |
| GRAND CARAVAN | 450 | 14.79 |
| TOWN & COUNTRY | 445 | 14.63 |
| CHEROKEE | 445 | 14.63 |
| PRO MASTER | 470 | 15.45 |
| WRANGLER | 475 | 15.61 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Ram 2500/3500/4500/5500 are ineligible for the 2016 MY GDP program.

3

<u>Transportation Allowance</u>
Transportation Allowance will be set at a flat rate of $20 per vehicle with the following exception: Hawaii and Alaska vehicles will be handled through a separate program ($500 per vehicle and customer must contact Fiat Chrysler Remarketing to determine Auction location for turn-in).

<u>All 2016 MY vehicles invoiced after JULY 1, 2015 will be subject to the 2016 MY GDP Program Rules and Rates.</u>
Note: Only 15% of your total purchases can be returned to the Auction during the 4th quarter of the calendar year. If you are a seasonal business – this does not apply.

<u>ALL 2016 FLEET ORDERS MUST BE SUBMITTED A MINIMUM OF 75 DAYS PRIOR TO THE DESIRED DATE. ORDER CUT OFF IS MARCH 31, 2016</u>

**ALL DAILY RATES ARE BASED ON A 30-DAY MONTH.**

    a) A RETENTION BONUS OF $75.00 PER MONTH OR $2.50 PER DAY WILL BE PAID ON VEHICLES THAT REMAIN IN SERVICE FOR 271 DAYS OR MORE. THIS REDUCTION IS RETROACTIVE TO THE 241st DAY AFTER THE IN SERVICE DATE. VEHICLES MUST BE SOLD AT A CHRYSLER MOTORS CLOSED AUCTION TO RECEIVE THE RETENTION BONUS. THIS IS PAID AFTER THE MODEL YEAR HAS BEEN CLOSED OUT.

    b) THE DAMAGE DEDUCTIBLE IS SET AT $400.00 PER UNIT, EXCEPT GLASS, WHICH HAS NO ALLOWANCE.THE DEDUCTIBLE WILL BE APPLIED AGAINST THE VEHICLE CONDITION REPORT ESTIMATE.

11) ORDER REQUIREMENTS:
    a) ALL ORDER MUST BE RECEIVED BEFORE MARCH 31, 2016
    b) UNITS MUST BE ORDERED FROM K&M'S FACTORY ORDERS.
    c) MINIMUM EQUIPMENT ID IS REQUIRED BY CHRYSLER MOTORS.
NOTE:  A SPECIAL 1ST CYCLE ONLY FOUR MONTH PROGRAM FOR SEASONAL AREAS WILL BE ALLOWED, BUT WILL INCUR SEVEN MONTHS OF DEPRECIATION

12) COMMERCIALLY UNACCEPTABLE UNITS ARE AS FOLLOWS:
    a) HAIL DAMAGE
    b) WATER DAMAGE
    c) FIRE DAMAGE
    d) FRAME DAMAGE
    e) VIN PLATES MISSING OR TAMPERED WITH.
    f) VEHICLES WITH EVIDENCE OF ODOMETER TAMPERING
    g) PREVIOUS REPAIRS OF $2000.00 OR MORE ON COMPACTS & MIDSIZE AND & $2500.00 OR MORE ON LARGE CARS AND TRUCKS ARE AUTOMATICALLY EXCLUDED FROM THE PROGRAM, BASED ON CHRYSLER MOTORS RATE SCHEDULES.
    h) ANY VEHICLES, DETERMINED BY INSPECTORS TO BE SO CLASSIFIED, ACCORDING TO THE RULES AND GUIDELINES OF THE PROGRAM. INSPECTIONS OF GDP VEHICLES WILL BE CONDUCTED ONLY AT DESIGNATED DCMC RETURN CENTERS. HOURS OF OPERATION ARE 8:00 AM – 5:00 PM MONDAY THROUGH FRIDAY. ANY EXCEPTIONS SHOULD BE COMMUNICATED WITH THE DESIGNATED DCMC RETURN CENTER.

13) ALL PAYMENTS MADE UNDER THIS PROGRAM ARE CONDITIONAL. ANY PAYMENT IS SUBJECT TO A CHARGE BACK IF UPON AUDIT BY CHRYSLER MOTORS/K&M, IT IS DETERMINED THAT THE REGISTERED DAILY RENTAL ACOUNT HAS NOT FULLY CONFORMED TO ALL TERMS AND CONDITIONS OF THE PROGRAM. CHRYSLER MOTORS/K&M HAS THE RIGHT TO DISCONTINUE

PROGRAM PAYMENTS AND/OR CHARGE BACK ALL PAYMENTS MADE TO ANY REGISTERED DAILY RENTAL ACCOUNT FOUND TO BE IN VIOLATION OF THE PROGRAM RULES, AND TO APPLY THE AMOUNT OWED TO CHRYSLER MOTORS/K&M, AGAINST CREDIT OWING, TO THE REGISTERED DAILY RENTAL ACCOUNT. IF CHRYSLER MOTORS FILES BANKRUPTCY, OR TERMINATES THE BUYBACK PROGRAM, K&M DODGE IS NO LONGER LIABLE TO BUY BACK THE VEHICLES FROM THE DAILY RENTAL CAR ACCOUNTS.

14) **INTERPRETATION:** CHRYSLER MOTORS RESERVES THE RIGHT TO RESOLVE ANY QUESTIONS OR DISPUTES ARISING UNDER THE PROGRAM. ALSO, IN MAKING APPLICATION UNDER THE PROGRAM, PARTICIPANTS THEREBY AGREE TO ACCEPT A CHRYSLER MOTORS DECISION, WHICH SHALL BE FINAL.

15) IT IS THE RESPONSIBILITY OF THE RENTAL CAR COMPANIES TO PROVIDE ADEQUATE INSURANCE FOR ALL VEHICLES IN THEIR PROGRAM.

16) K&M NORTHFIELD DODGE SHALL NOT BE HELD RESPONSIBLE FOR DAMAGES INCURRED BY VEHICLES RENTED WHILE STILL TITLED TO K&M.

17) PROGRAM TERMINATION: THIS PROGRAM TERMINATES IN ITS ENTIRITY ON JANUARY, 31, 2016.

18) **PROGRAM SUBJECT TO CHANGE PENDING FIAT CHRYSLERS FINAL APPROVAL**

## 2016 MODEL YEAR SALE/BUYBACK

## AGREEMENT ACCEPTANCE

SIGNATURE: _____ _Président_ 11-9/15
DAILY RENTAL COMPANY      DATE

SIGNATURE: _____
K&M DODGE/RAM      DATE



4100 Plainfield NE
Grand Rapids MI 49525
(616) 363-9011
Fax (616) 365-3351
Email: info@kmdodge.com
www.kmdodge.com

November 12, 2016

Advance Global Solutions
Carlos Estin
850 N Randolph ST
Suite 104
Arlington, Virginia 22203

**2016 FCA GDP PROGRAM / K&M DODGE ORDER CONFIRMATION**
**PLEASE ACCEPT THIS AS OUR NON-CANCELLABLE PURCHASE ORDER BY SIGNING**
**AT THE BOTTOM OF THIS CONFIRMATION**

MAKE: JEEP GRAND CHEROKEE
MODEL: LIMITED 4X4
YEAR: 2015
PURCHASE PRICE PER UNIT: $35,556.00
NUMBER OF UNITS: (10) TEN
DROP SHIP: OURISMAN CHRYSLER, JEEP
DODGE OF ALEXANDRIA
5900 RICHMOND HWY
ALEXANDRIA, VIRGINIA 22303

**FINANCING INFORMATION:**

*Next Gear Capital*
THOMAS QUAKENBUSH
1320 CITY CENTER DR
SUITE 100
CARMEL, INDIANA 46032

**IMPORTANT ADDITIONAL TERMS:** ALL INTEREST WE ARE CHARGED FROM THE TIME THE
MANUFACRURER FLOORS YOUR VEHICLES TO OUR LINE UNTIL THE DAY WE RECEIVE YOUR FUNDS AND PAY
OFF OUR CREDIT LINE WILL BE CHARGED TO YOU. K&M NORTHFIELD DODGE INC. CANNOT BE HELD
RESPONSIBLE FOR ANY MANUFACTURER PRICE INCREASE, DELAY OR FAILURE TO DELIVER FOR ANY REASON. PRICING WITHIN IS THE LATEST PUBLISHED FLEET PRICING.
MANUFACTURER WITHOUT NOTICE MAY ADD OR DELETE EQUIPMENT IF UNAVAILABLE AT TIME OF DELIVERY.
GOVERNING LAWS AND DISPUTE PROCEDURE THIS SALE AND ANY DISPUTE, CONTROVERSY OR CLAIM ARISING
OUT OF IN CONNECTION WITH OR RELATING TO SHALL BE GOVERNED EXCLUSIVELY BY AND CONSTRUED IN
ACCORDANCE WITH THE LAWS OF THE STATE OF MICHIGAN.

CUSTOMER SIGNATURE: _____   DATE: 11-12-16

PRINT NAME: _Carlos Esin_

LAURA SEGARD
FLEET MANAGER

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. 17-08941   -C BB |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☑ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
     List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Advance Global Solution, Inc. | | |
| R/A Joseph H. Chapp, Jr. | 1316 Vincent Pl. Suite 300 | 10-10-17 |
| | McLean, VA 22101 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ 11.93 | Miles traveled | Mileage fee $ | Total fee $ 11.93 |
|---|---|---|---|

Signature   *Lisa M. Klein*
Name (type or print)   Lisa M. Klein
Title   Legal Asst.

Subscribed and sworn to before me on 10-18-17, Muskegon County, Michigan.
         Date

My commission expires: 10-3-20   Signature: *Marjorie A. Saye*
       Date        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                   Attachments

_____ on _____
       Day, date, time

      on behalf of _____.

Signature



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph H. Chopp, Jr.
Advance Global Solutions, Inc.
1316 Vincent Pl.
Suite 300
McClean, VA 22101

9590 9403 0239 5146 2519 17

2. Article Number (Transfer from service label)

7012 3050 0001 5923 1928

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent    ☒ Addressee

B. Received by (Printed Name)    C. Date of Delivery
K. Chopp    10-10-17

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053    Domestic Return Receipt



UNITED STATES POSTAL SERVICE

VA 220
10 OCT '17
PM 3 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

SMITH HAUGHEY
RICE & ROEGGE
900 Third St., Ste. 204
Muskegon, MI 49440

Usa 204490

**RECEIVED**

OCT 16 2017

USPS TRACKING#    SMITH, HAUGHEY, RICE & ROEGGE

9590 9403 0239 5146 2519 17





SMITH HAUGHEY
RICE & ROEGGE
ATTORNEYS AT LAW
900 Third St., Ste. 204
Muskegon, MI 49440

**CERTIFIED MAIL™**

7012 3050 0001 5923 1928

MR JOSEPH H. CHOPP, JR
ADVANCE GLOBAL SOLUTIONS INC
1316 VINCENT PL
SUITE 300
MCCLEAN VA 22101





7012 3050 0001 5923 1928

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ .98 |
| Certified Fee | 3.35 |
| Return Receipt Fee (Endorsement Required) | 2.75 |
| Restricted Delivery Fee (Endorsement Required) | 4.95 |
| Total Postage & Fees | $ 11.93 |

Sent To: Joseph H Chopp Jr, A.G.S. Inc.
Street, Apt No.; or PO Box No. 1316 Vincent Pl Ste 300
City, State, ZIP+4 McClean, VA 22101

PS Form 3800, August 2006          See Reverse for Instructions

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT
_____

K & M NORTHFIELD DODGE, INC.,
a Michigan corporation

                Plaintiff,

v

ADVANCE GLOBAL SOLUTIONS, INC.,
a Virginia corporation

                Defendant.

CASE NO. 17 -08941-CBB

HON:  CHRISTOPHER P. YATES

_____

Kevin B. Even (P38599)
Christopher S. Berry (P68580)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com; cberry@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

_____

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

## **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT**

    NOW COME the Plaintiff, K & M Northfield Dodge, Inc., by and through their counsel, SMITH HAUGHEY RICE & ROEGGE, and pursuant to MCR 2.312 and requests that Defendant, Advance Global Solutions, Inc., within twenty-eight (28) days after service of this request, to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility, which may be interposed at the trial.

    1.    This Request for Admission is submitted to you pursuant to MCR 2.312.  Each of the matters for which an admission has been requested shall be deemed admitted unless, within twenty-eight (28) days after receipt of this request, you serve upon Plaintiff's counsel, the sworn statements specifically denying the matters for which an admission is requested or state the reasons why you can neither admit nor deny these matters or objections on any of the grounds stated in MCR 2.312(1).

A denial must fairly meet the substance of the request and when good faith requires that you qualify an answer or deny only part of the matter of which an admission is requested you must specify the parts that are admitted and denied.

You may not give lack of information or knowledge as a reason for failure to admit or deny unless that you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

**REQUEST FOR ADMISSION**

Admit that each of the following statements is true.

1.      Admit that the contract attached hereto as **Exhibit A** is a true and genuine copy of the November 9, 2015, agreement entered into between Plaintiff and Defendant.

**<u>ANSWER:</u>**


2.      Admit that Defendant purchased three motor vehicles bearing vehicle identification numbers with the last eight digits of FC884626, FC884630 and FC884631, respectively.

**<u>ANSWER:</u>**


3.      Admit that the three motor vehicles referenced in the preceding paragraph, bearing vehicle identification numbers with the last eight digits of FC884626, FC884630 and FC884631, respectively, were returned by Defendant to Manheim Auction House.

**<u>ANSWER:</u>**


4.      Admit that the check attached hereto as **Exhibit B** is a true and genuine copy of the payment issued by Plaintiff to Defendant for the motor vehicle bearing a vehicle identification number with the last eight digits of FC884629 in the amount of Twenty-Four Thousand One Hundred Ninety-One Dollars and 23/100ths ($24,191.23).

**ANSWER:**

5.      Admit that the check attached hereto as **Exhibit C** is a true and genuine copy of the payment issued by Plaintiff to lien holder First Source Bank for the motor vehicle bearing a vehicle identification number with the last eight digits of FC884631 in the amount of Twenty-Four Thousand Twenty-Five Dollars and 56/100ths ($24,025.56).

**ANSWER:**

6.      Admit that the check attached hereto as **Exhibit D** is a true and genuine copy of the payment issued by Plaintiff to lien holder First Source Bank for the motor vehicle bearing a vehicle identification number with the last eight digits of FC884630 in the amount of Twenty-Four Thousand One Hundred Seventy-Five Dollars and 56/100ths ($24,175.56).

**ANSWER:**

7.      Admit that the payment represented by **Exhibit C** constitutes payment to exhaust any lien by First-Source Bank, less guaranteed depreciation amount, mileage fees and damage fees.

**ANSWER:**

8.      Admit that the payment represented by **Exhibit D** constitutes payment to exhaust any lien by First-Source Bank, less guaranteed depreciation amount, mileage fees and damage fees.

**ANSWER:**

9.      Admit that Manheim Auction House sold the three motor vehicles bearing vehicle identification numbers with the last eight digits of FC884626, FC884630 and FC884631, respectively for Seventy Thousand Three Hundred Dollars ($70,300.00).

SHRR\4151600.v1

**ANSWER:**

10.     Admit that Defendant designated itself as the payee of the Seventy Thousand Three Hundred Dollars ($70,300.00) auction proceeds rather than Plaintiff.

**ANSWER:**

Dated: October 19, 2017                    /s/ Christopher S. Berry                    
                                           Kevin B. Even (P38599)
                                           Christopher S. Berry (P68580)
                                           Smith Haughey Rice & Roegge
                                           Attorneys for Plaintiff
                                           900 Third St., Ste 204
                                           Muskegon, MI 49440
                                           231-724-4320
                                           231-724-4330 (fax)
                                           keven@shrr.com; cberry@shrr.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2017 I filed the foregoing paper with the Clerk of the Court using the ECF system and mailed a copy Defendant by mailing the same to them at their respective addresses as disclosed by the pleadings of record herein, with first class postage fully prepaid thereon.

                                           /s/ Christopher S. Berry
                                           Kevin B. Even (P38599)
                                           Christopher S. Berry (P68580)
                                           Smith Haughey Rice & Roegge
                                           Attorneys for Plaintiff
                                           900 Third St., Ste 204
                                           Muskegon, MI 49440
                                           231-724-4320
                                           231-724-4330 (fax)
                                           keven@shrr.com; cberry@shrr.com

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

K & M NORTHFIELD DODGE, INC.,
a Michigan corporation

                                    CASE NO. 17-08941-CBB

        Plaintiff,

                                      HON: CHRISTOPHER P. YATES

v

ADVANCE GLOBAL SOLUTIONS, INC.,
a Virginia corporation

        Defendant.

---

Kevin B. Even (P38599)
Christopher S. Berry (P68580)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com; cberry@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

    NOW COMES the Plaintiff, K & M Northfield Dodge, Inc., by and through their counsel, SMITH HAUGHEY RICE & ROEGGE, and in accordance with MCR 2.309, hereby submits the following Interrogatories to Defendant, Advance Global Solutions, Inc. Defendant is required to answer these Interrogatories completely and fully, and to furnish such responsive information or documents within its knowledge, custody, or control, in writing within twenty-eight (28) days from the date they are served.

### PRELIMINARY STATEMENT

    1.    The following Interrogatories are to be answered separately and fully by furnishing all information in your possession, custody or control including all information to which you have a superior right to compel from a third party, such as your agent, authority or representative.

SHRR 4154277.v1

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

2.      You are to answer the Interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the Interrogatories.

3.      You and your attorney are under a duty to supplement your answers to these Interrogatories by amending your answers if you obtain information on the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4.      Whenever an Interrogatory requests the identification of a Document or Documents, please set forth where the Document exists, the name and address of its custodian, a description of its contents, including its author, date, addresses, the number of pages it contains and all attachments to the original Document.

5.      If the answer to any Interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

6.      If you claim a privilege or exemption from discovery for any reason, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the Plaintiff can determine the merit of the objection. In this event, the parties may discuss the merits of the objection and determine whether a court determination on the objection will be necessary.

## DEFINITIONS AND ABBREVIATIONS

Plaintiff sets forth the following Definitions and Abbreviations of various words and phrases that are contained in the Interrogatories.

1.      "You" or "your" or "yours" means Advance Global Solutions, Inc., your attorneys, agents, and all other Persons or entities acting or purporting to act on your behalf, whether authorized or not.

2.      "Person" or "Persons" shall mean any individual, and every type of entity, whether formed for business purposes or not.

3.      "Documents" shall mean writings of every type and from any source, including originals and non-identical copies of originals that are in your possession, custody, or control or known by you to exist. This would include Documents sent outside your organization to any source as well as Documents intended for internal use.  The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.   The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

4.      "Identify" or "Identification":

a.      As to a Person: When used in reference to a Person or individual, the terms "Identify" or "Identification" mean to state the Person's full name, address and telephone number.

b.      As to an entity: The terms "Identify" or "Identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business' address, telephone number and name of its Chief Executive Officer and the agent for service of process.

c.      As to a Document: When used in reference to a Document, the terms "Identify" or "Identification" shall include the following:

i.      The title, heading or caption of such Document;

ii.    The date appearing on such Document; or if no date appears, the approximate date on which the Document was prepared;

iii.   A general description of the Document;

iv.    The name of the Person who signed the Document or Statement;

v.     Name of the Person or Persons who prepared the Document;

vi.    Name of the Person or Persons to whom the Document was addressed and to whom the Document was sent; and

vii.   The physical location of the Document.

d.    As to a Statement: When used in reference to a Statement, the terms "Identify" or "Identification" shall include who made the Statement, who took or recorded it, and all others, if any, present during the making of the Statement; to state when, where and how it was taken or recorded and to Identify who was present or last known possession, custody or control of the Statement.

e.    To any other tangible thing: When used in reference to any other tangible thing, the terms "Identify" or "Identification" mean to give a reasonably detailed description of the thing, including, if applicable, when, where, and how it was made; to Identify who made it; and to Identify who has present or last known possession, custody or control of the thing.

5.    "Statements" includes any written or graphic Statement signed or otherwise adopted or approved by the Person making it and any stenographic, mechanical, electrical, or other recordings or a transcription of the Statement, which is a substantially verbatim recital of an oral Statement by the Person making it and contemporaneously recorded.

## **INTERROGATORIES**

**IT IS HEREBY DEMANDED THAT DEFENDANT FULLY AND SEPARATELY UNDER OATH ANSWER THE FOLLOWING QUESTIONS:**

SHRR\4154277.v1

1.      Identify the Person(s) responding to these Interrogatories, Request for Production of Documents, and Plaintiff's First Request for Admissions.  With respect to each said person, please provide his or her name and job title.

**ANSWER:**


2.      Please Identify any and all other legal proceedings pending or threatened against Defendant or initiated by Defendant before any court or government agency.

**ANSWER:**


3.      If your response to Plaintiff's First Request for Admission #1 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**


4.      If your response to Plaintiff's First Request for Admission #2 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**


5.      If your response to Plaintiff's First Request for Admission #3 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**

6.      If your response to Plaintiff's First Request for Admission #4 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**

7.      If your response to Plaintiff's First Request for Admission #5 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**

8.      If your response to Plaintiff's First Request for Admission #6 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**

9.      If your response to Plaintiff's First Request for Admission #7 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**

10.      If your response to Plaintiff's First Request for Admission #8 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**

SHRR 4154277.v1

11.     If your response to Plaintiff's First Request for Admission #9 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**


12.     If your response to Plaintiff's First Request for Admission #10 is anything other than a complete and unequivocal admission, please state, in specific detail, the facts which support your denial or otherwise failure to admit.

**ANSWER:**


Dated: _____, 2017                    ADVANCE GLOBAL SOLUTIONS, INC.

                                               _____
                                               By:_____
                                               Its:_____

Acknowledged and sworn to before me in the County of _____, State of _____ on the ____ day of _____, 2017, by _____.

                                               _____
                                               _____, Notary Public
                                               County of _____, State of _____
                                               My Comm. Expires: _____
                                               Acting in the County of _____

SHRR 4154277.v1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

K & M NORTHFIELD DODGE, INC.,
a Michigan corporation

        Plaintiff,

v

ADVANCE GLOBAL SOLUTIONS, INC.,
a Virginia corporation

        Defendant.

CASE NO. 17 -08941-CBB

HON:  CHRISTOPHER P. YATES

---

Kevin B. Even (P38599)
Christopher S. Berry (P68580)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com; cberry@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

---

## PLAINTIFF'S FIRST REQUEST TO PRODUCE DOCUMENTS TO DEFENDANT

    NOW COMES the Plaintiff, K & M Northfield Dodge, Inc., by and through their counsel, SMITH HAUGHEY RICE & ROEGGE, and in accordance with MCR 2.310, and request that the Defendant, Advance Global Solutions, Inc., produce the following described Documents at the offices of SMITH HAUGHEY RICE & ROEGGE, located at 900 Third St., Suite 204, Muskegon, Michigan 49440, twenty-eight (28) days from the date they are served.

## DEFINITIONS AND INSTRUCTIONS

    1.    "Documents" means any written, printed, typed or other graphic or photographic matter of any nature, any audio or video recording, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonable usable form.  All copies of Documents containing any alterations, annotations, or that differ in any other way from the

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

originals or copies referred to in the preceding sentence, are deemed separate Documents from the originals or copies.

2.        With respect to any Document for which you claim a privilege, Identify the Document, state the privilege involved and state the factual and legal basis for the claimed privilege.  Identify the Document by stating:

    a.    The type of Document (letter, memo, etc.);

    b.    The identity of the author;

    c.    The date authored or originated;

    d.    The identity of each Person to whom the original or a copy was addressed or delivered; and

    e.    The identity of every other Person who has ever had possession of the Document.

**THE DOCUMENTS ARE AS FOLLOWS:**

1.        If your response to Plaintiff's First Request for Admission #1 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**


2.        If your response to Plaintiff's First Request for Admission #2 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**


3.        If your response to Plaintiff's First Request for Admission #3 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

SHRR 4154330.v1

**ANSWER:**

4.      If your response to Plaintiff's First Request for Admission #4 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**

5.      If your response to Plaintiff's First Request for Admission #5 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**

6.      If your response to Plaintiff's First Request for Admission #6 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**

7.      If your response to Plaintiff's First Request for Admission #7 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**

8.      If your response to Plaintiff's First Request for Admission #8 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

SHRR\4154330.v1

**ANSWER:**


9.     If your response to Plaintiff's First Request for Admission #9 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**


10.     If your response to Plaintiff's First Request for Admission #10 is anything other than a complete and unequivocal admission, please produce any documents which support, in whole or in part, your denial or otherwise failure to admit.

**ANSWER:**


Dated: October 24, 2017

Kevin B. Even (P38599)
Christopher S. Berry (P68580)
Smith Haughey Rice & Roegge
Attorneys for Plaintiff
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320
231-724-4330 (fax)
keven@shrr.com; cberry@shrr.com

SHRR\4154330.v1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

K & M NORTHFIELD DODGE, INC.,
a Michigan corporation

                                  CASE NO. 17 -08941-CBB

       Plaintiff,

                                    HON:  CHRISTOPHER P. YATES

v

ADVANCE GLOBAL SOLUTIONS, INC.,
a Virginia corporation

       Defendant.

Kevin B. Even (P38599)
Christopher S. Berry (P68580)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com; cberry@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

## **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT**

    NOW COME the Plaintiff, K & M Northfield Dodge, Inc., by and through their counsel, SMITH HAUGHEY RICE & ROEGGE, and pursuant to MCR 2.312 and requests that Defendant, Advance Global Solutions, Inc., within twenty-eight (28) days after service of this request, to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility, which may be interposed at the trial.

    1.    This Request for Admission is submitted to you pursuant to MCR 2.312.  Each of the matters for which an admission has been requested shall be deemed admitted unless, within twenty-eight (28) days after receipt of this request, you serve upon Plaintiff's counsel, the sworn statements specifically denying the matters for which an admission is requested or state the reasons why you can neither admit nor deny these matters or objections on any of the grounds stated in MCR 2.312(1).

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

A denial must fairly meet the substance of the request and when good faith requires that you qualify an answer or deny only part of the matter of which an admission is requested you must specify the parts that are admitted and denied.

You may not give lack of information or knowledge as a reason for failure to admit or deny unless that you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

## REQUEST FOR ADMISSION

Admit that each of the following statements is true.

1.      Admit that the contract attached hereto as **Exhibit A** is a true and genuine copy of the November 9, 2015, agreement entered into between Plaintiff and Defendant.

## ANSWER:


2.      Admit that Defendant purchased three motor vehicles bearing vehicle identification numbers with the last eight digits of FC884626, FC884630 and FC884631, respectively.

## ANSWER:


3.      Admit that the three motor vehicles referenced in the preceding paragraph, bearing vehicle identification numbers with the last eight digits of FC884626, FC884630 and FC884631, respectively, were returned by Defendant to Manheim Auction House.

## ANSWER:


4.      Admit that the check attached hereto as **Exhibit B** is a true and genuine copy of the payment issued by Plaintiff to Defendant for the motor vehicle bearing a vehicle identification number with the last eight digits of FC884629 in the amount of Twenty-Four Thousand One Hundred Ninety-One Dollars and 23/100ths ($24,191.23).

SHRR 4151600.v1

**ANSWER:**

5.      Admit that the check attached hereto as **Exhibit C** is a true and genuine copy of the payment issued by Plaintiff to lien holder First Source Bank for the motor vehicle bearing a vehicle identification number with the last eight digits of FC884631 in the amount of Twenty-Four Thousand Twenty-Five Dollars and 56/100ths ($24,025.56).

**ANSWER:**

6.      Admit that the check attached hereto as **Exhibit D** is a true and genuine copy of the payment issued by Plaintiff to lien holder First Source Bank for the motor vehicle bearing a vehicle identification number with the last eight digits of FC884630 in the amount of Twenty-Four Thousand One Hundred Seventy-Five Dollars and 56/100ths ($24,175.56).

**ANSWER:**

7.      Admit that the payment represented by **Exhibit C** constitutes payment to exhaust any lien by First-Source Bank, less guaranteed depreciation amount, mileage fees and damage fees.

**ANSWER:**

8.      Admit that the payment represented by **Exhibit D** constitutes payment to exhaust any lien by First-Source Bank, less guaranteed depreciation amount, mileage fees and damage fees.

**ANSWER:**

9.      Admit that Manheim Auction House sold the three motor vehicles bearing vehicle identification numbers with the last eight digits of FC884626, FC884630 and FC884631, respectively for Seventy Thousand Three Hundred Dollars ($70,300.00).

-3-

**ANSWER:**

10.    Admit that Defendant designated itself as the payee of the Seventy Thousand Three Hundred Dollars ($70,300.00) auction proceeds rather than Plaintiff.

**ANSWER:**

Dated: October 19, 2017

/s/ Christopher S. Berry
Kevin B. Even (P38599)
Christopher S. Berry (P68580)
Smith Haughey Rice & Roegge
Attorneys for Plaintiff
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320
231-724-4330 (fax)
keven@shrr.com; cberry@shrr.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2017 I filed the foregoing paper with the Clerk of the Court using the ECF system and mailed a copy Defendant by mailing the same to them at their respective addresses as disclosed by the pleadings of record herein, with first class postage fully prepaid thereon.

/s/ Christopher S. Berry
Kevin B. Even (P38599)
Christopher S. Berry (P68580)
Smith Haughey Rice & Roegge
Attorneys for Plaintiff
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320
231-724-4330 (fax)
keven@shrr.com; cberry@shrr.com

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

K & M NORTHFIELD DODGE, INC.,
a Michigan corporation

        CASE NO. 17 -08941-CBB

       Plaintiff,

        HON: CHRISTOPHER P. YATES

v

ADVANCE GLOBAL SOLUTIONS, INC.,
a Virginia corporation

       Defendant.

---

Kevin B. Even (P38599)
Christopher S. Berry (P68580)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com; cberry@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

---

## **PROOF OF SERVICE**

    The undersigned certifies that on October 24, 2017 she served a copy of Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Request for Production of Documents upon Defendant by mailing the same to them at their respective addresses as disclosed by the pleadings of record herein, with first class postage fully prepaid thereon.

                          Lisa M. Klein

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

Approved, SCAO

Original - Court
1st copy - Applicant
Copies - All other parties

| STATE OF MICHIGAN JUDICIAL DISTRICT JUDICIAL CIRCUIT | DEFAULT REQUEST, AFFIDAVIT, AND ENTRY | CASE NO. |
|---|---|---|
| 17th | | 17-08941-CBB |

| Court address | Court telephone no. |
|---|---|
| 180 Ottawa Ave., NW, Suite 3200B, Grand Rapids, MI 49503 | (616) 632-5137 |

| Plaintiff name(s), address(es), and telephone no(s) | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| K&M Northfield Dodge, Inc. c/o Smith Haughey Rice & Roegge 900 Third St., Suite 204 Muskegon, MI 49440 231-724-320 | v | Adavance Global Solutions, Inc. R/A Joseph H. Chopp, Jr. 1316 Vincent Pl., Suite 300 McClean, VA 22101 |
| Plaintiff's attorney, bar no., address, and telephone no. Christopher S. Berry (P68580) Smith Haughey Rice & Roegge 900 Third St., Suite 204 Muskegon, MI 49440 231-724-4320 | | Defendant's attorney, bar no., address, and telephone no. |

Party in default: Defendant, Advance Global Solutions, Inc.

## REQUEST AND AFFIDAVIT

1. I request the clerk to enter the default of the party named above for failure to plead or otherwise defend as provided by law.

2. The defaulted party is not an infant or incompetent person.

3. ☐ It is unknown whether the defaulted party is in the military service. ☑ The defaulted party is not in the military service.
   ☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are (specify)

4. This affidavit is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this affidavit.

P68580

Applicant/Attorney signature                Bar no.

Subscribed and sworn to before me on  11/16/2017                Muskegon                County, Michigan.
                                        Date

My commission expires:  10/26/2019        Signature: _____
                        Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of  Muskegon

NOTE: Default can be entered by a district court
clerk without the request of a party.

## DEFAULT ENTRY

The default of the party named above for failure to plead or otherwise defend is entered.

11/17/2017                                 _____
Date                                        Court clerk

## CERTIFICATE OF MAILING

I certify that on this date I served copies of this default on the appropriate parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

11-27-17                                   _____
Date                                        Signature

MC 07  (3/10)  DEFAULT REQUEST, AFFIDAVIT, AND ENTRY        MCL 32.517, MCL 600.2441, MCL 600.5759, MCR 2.603, 50 USC 521

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

K & M NORTHFIELD DODGE, INC.,
a Michigan corporation

        Plaintiff,

v

ADVANCE GLOBAL SOLUTIONS, INC.,
a Virginia corporation

        Defendant.

CASE NO. 17 -08941-CBB

HON:  CHRISTOPHER P. YATES

---

Kevin B. Even (P38599)
Christopher S. Berry (P68580)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com; cberry@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

REC'D AND FILED

DEC 2 9 2017

JUDGE YATES

---

*Text in left margin:* SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

### **DEFAULT JUDGMENT**

At a session of said court held on
the date set forth below.

PRESENT:    HONORABLE CHRISTOPHER P. YATES
                  CIRCUIT COURT JUDGE

     Plaintiff, K & M Northfield Dodge, Inc., ("K&M")  having filed a Default Request, Affidavit and

Entry, stating that the Defendant, Advance Global Solutions, Inc., ("Advance")  has failed to file an

answer and the Clerk having entered the default and Plaintiff having filed a motion for default judgment

pursuant to MCR 2.603(B)(3), and the Court being advised in the premises and having heard proofs in

open court as to the question of damages;

     NOW, THEREFORE, IT IS ORDERED AND ADJUDGED as follows:

SHRR\4196585.v1

Judgment be and the same is hereby entered in favor of Plaintiff against Defendant in the amount of Two Hundred Ten Thousand Nine Hundred Dollars ($210,900.00) secondary to Defendant's unlawful conversion pursuant to MCL 600.2919a together with attorney fees in the amount of Three Thousand Seven Hundred Twelve and Fifty Hundredths Dollars ($3,712.50) and court costs in the amount of One Hundred Eighty-Six and Ninety-Three Hundredths Dollars ($186.93), **for a total judgment amount of Two Hundred Fourteen Thousand Seven Hundred Ninety-Nine and Forty-Three Hundredths Dollars ($214,799.43)**.   Interest on this judgment will accrue at the statutory rate until the date of satisfaction of the judgment pursuant to MCL 600.6013(7).

Except for future enforcement and collection on this judgment, this judgment resolves the last pending claim and closes the case.

Dated: December 29, 2017

Christopher P. Yates
Circuit Court Judge

Order Prepared By:
Christopher S. Berry (P68580)

SHRR\4196585.v1